UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.                                    CASE NO.  8:15-cr-391-SDM-JSS
                                                8:18-cv-1153-SDM-JSS

CHRISTOPHER BOWEN BALFREY
_____

### ORDER

Christopher Bowen Balfrey moves under 28 U.S.C. § 2255 to vacate his conviction and sentence for conspiracy to distribute cocaine, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug-trafficking crime, for which he serves 151 months' imprisonment.  Balfrey asserts five grounds of ineffective assistance of counsel.

## I.    BACKGROUND

Balfrey pleaded guilty without a plea agreement to conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) (Count One), possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Counts Two and Three), and possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c) (Count Four).  Balfrey was sentenced as a career offender because he has prior Florida felony convictions for robbery and delivery of cocaine.  After applying a career-offender enhancement, the presentence investigation report recommends an offense level of 29, a criminal history category of

VI, and a guideline range of 151 to 188 months' imprisonment.  The district court imposed a 151-month sentence, consisting of concurrent 91-month terms on Counts One through Three, and a consecutive 60-month term on Count Four.

Represented by the same counsel who represented him in the district court, Balfrey appealed his sentence.  He challenged the use of his prior Florida robbery conviction as a predicate for the career-offender enhancement.  He also challenged the sentence as both procedurally and substantively unreasonable.  The circuit court rejected both challenges and affirmed the sentence.

Balfrey moves to vacate his conviction and sentence.  He argues that counsel rendered ineffective assistance by conducting an inadequate pretrial investigation (Gound One), by not moving to suppress evidence (Ground Two), by not advising him of the government's burden of proof (Ground Three), by inducing an involuntary guilty plea (Ground Four), and by not presenting certain arguments on appeal (Ground Five).

## II.   INEFFECTIVE ASSISTANCE OF COUNSEL

"[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)).  As *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains, *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is
> well settled and well documented. In *Strickland v. Washington*,

466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the
Supreme Court set forth a two-part test for analyzing ineffective
assistance of counsel claims. According to *Strickland*, first, the
defendant must show that counsel's performance was deficient.
This requires showing that counsel made errors so serious that
counsel was not functioning as the "counsel" guaranteed the
defendant by the Sixth Amendment. Second, the defendant
must show that the deficient performance prejudiced the
defense. This requires showing that counsel's errors were so
serious as to deprive the defendant of a fair trial, a trial whose
result is reliable.  *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent

prejudice.  *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an

ineffective assistance claim . . . to address both components of the inquiry if the

defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When

applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its

two grounds.").  "[C]ounsel is strongly presumed to have rendered adequate

assistance and made all significant decisions in the exercise of reasonable

professional judgment."  *Strickland*, 466 U.S. at 690.  "[A] court deciding an actual

ineffectiveness claim must judge the reasonableness of counsel's challenged conduct

on the facts of the particular case, viewed as of the time of counsel's conduct."

466 U.S. at 690.  *Strickland* requires that "in light of all the circumstances, the

identified acts or omissions were outside the wide range of professionally competent

assistance."  466 U.S. at 690.

Balfrey must demonstrate that counsel's alleged error prejudiced the defense

because "[a]n error by counsel, even if professionally unreasonable, does not warrant

setting aside the judgment of a criminal proceeding if the error had no effect on the

judgment."  466 U.S. at 691–92.  To meet this burden, Balfrey must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  466 U.S. at 690–91.  Balfrey cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992); *accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable . . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)); s*ee also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

### III.   GROUND ONE

Balfrey claims that counsel conducted an inadequate pretrial investigation of the government's evidence.  Had counsel thoroughly investigated, Balfrey contends, she would have discovered insufficient evidence to support the conspiracy and firearm possession charges.  Specifically, Balfrey contends, counsel would have discovered insufficient evidence to establish that his "use" of the firearm constituted "active employment," as required by *Bailey v. United States*, 516 U.S. 137 (1995) (holding that a person may be convicted of the crime of "using" a firearm under 18 U.S.C. § 924(c) only if he "actively employed" the firearm, not merely possessed the firearm), *superseded by statute*, 18 U.S.C. § 924(c)(1998), *as recognized in United States v. Timmons*, 283 F.3d 1246, 1249, 1252 (11th Cir. 2002).[1]

Balfrey waived this claim when he pleaded guilty.  "A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction[.]" *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992).  While under oath at the plea hearing Balfrey acknowledged this waiver (Crim. Doc. 56 at 20–21):

> THE COURT: By pleading guilty, you're not only admitting the criminal charges . . . in the superseding indictment, but you're also giving up and waiving a number of valuable constitutional rights, those rights do include the right to persist in a plea of not guilty and take your case to trial. . . . If you do

---

[1] *Bailey*, 516 U.S. at 143–44, holds that "§ 924(c)(1) requires evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." However, after *Bailey*, Congress amended Section 924(c) to criminalize mere possession in furtherance of a drug trafficking crime "in order to reverse the restrictive effect of the *Bailey* decision." *Timmons*, 283 F.3d at 1252 (quotations omitted). *Bailey* provides no support for Balfrey's claims because he was charged with, and pleaded guilty to, a Section 924(c) offense long after *Bailey* was superseded by the amendment.

have any defenses to the charges against you, any defenses that you have would be lost by a plea of guilty.

Mr. Balfrey, do you understand the rights that I've explained to you?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you understand you would have these rights if your case went to trial?

THE DEFENDANT: Yes, ma'am.

Balfrey offers no argument or evidence to disavow his sworn statements at the plea hearing.

Also, this claim lacks merit. Balfrey never identifies what facts counsel would have discovered had she conducted an adequate investigation. "[S]peculation is insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation." *Brownlee v. Haley*, 306 F.3d 1053, 1060 (11th Cir. 2002) (citations omitted). Also, "[t]he decision whether . . . to investigate [a line of defense] is a matter of strategy and is not ineffective unless the [defendant] can prove that the chosen course, in itself, was unreasonable." *Hardwick v. Crosby*, 320 F.3d 1127, 1060 (11th Cir. 2003) (citations omitted). Balfrey fails to meet this burden.

## IV.   GROUND TWO

Balfrey claims that counsel was ineffective for not moving to suppress unidentified evidence. He vaguely contends that a motion to suppress would have challenged the confidential informant's credibility, the search warrant, the conspiracy charge, and the evidence of his "active employment" of the firearm. Again, this

claim is based on a pre-plea event—not moving to suppress evidence—and, as a consequence, is waived by the guilty plea. Also, this claim lacks merit because Balfrey never identifies the evidence that he believes should have been suppressed. Consequently, Balfrey is entitled to no relief on Ground Two.

## V.   GROUND THREE

Balfrey claims, without any support, that counsel was ineffective by not explaining to him the government's burden of proof. Counsel insists that she "advised Balfrey she believed the Government could meet its burden and strenuously advised against a jury trial." (Civ. Doc. 5-1 at 8)

Like Grounds One and Two, this claim is based on a pre-plea event—not explaining the government's burden of proof—and, as a consequence, is waived by the guilty plea. Also, the claim lacks merit. Balfrey cannot demonstrate he was prejudiced by counsel's alleged failure to explain the government's burden of proof because the government's burden of proof was explained to him during his plea hearing (Crim. Doc. 56 at 20–21):

> THE COURT:  At trial, under the law, you would be presumed innocent of the charges against you. And before you could be convicted, the Government would be required to prove that you're guilty of the offenses that you're charged with beyond a reasonable doubt. . . . Mr. Balfrey, do you understand the rights that I've explained to you?
>
> THE DEFENDANT:  Yes, ma'am.
>
> THE COURT: Do you understand you would have these rights if your case went to trial?
>
> THE DEFENDANT:  Yes, ma'am.

Balfrey offers no argument or evidence to disavow his sworn statements at the plea

hearing.  Consequently, he is entitled to no relief on Ground Three.

## VI.    GROUND FOUR

Balfrey claims that counsel's cumulative deficiencies render his guilty plea involuntary, uninformed, and induced.  Balfrey contends that, absent these deficiencies, he would have insisted on proceeding to trial.

"A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void.  A conviction based upon such a plea is open to collateral attack." *Machibroda v. United States*, 368 U.S. 487, 493 (1962).  However, a defendant's statements at the plea hearing "constitute a formidable barrier in any subsequent collateral proceedings" because "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). *See also United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the [plea] colloquy are true."). "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).  "[T]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74.

At the plea hearing Balfrey affirmed under oath that his guilty plea was not forced, coerced, or unknowing and that he pleaded guilty because he is, in fact, guilty of the charged crimes.  (Crim. Doc. 56 at 38–39)  Also, Balfrey affirmed that he was

fully satisfied with counsel's representation (*Id*. at 11–12):

> THE COURT: Did you have a full opportunity to review the facts and evidence in your case in consultation with your lawyer?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Have you discussed with your attorney all the options in your case, specifically to include the option to take your case to trial, if you wanted a trial?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Has your counsel [done] everything you've asked her to do for you in your case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you fully satisfied with the advice and representation you've received in your case?
>
> THE DEFENDANT: Yes, ma'am.

Other than his own conclusory assertions, Balfrey presents no argument or evidence to rebut his affirmations under oath at the plea hearing.  Balfrey establishes neither that counsel's performance was deficient nor that there is a reasonable probability that but for counsel's performance he would not have pleaded guilty and would have proceeded to trial.  *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Balfrey is entitled to no relief on Ground Four.

## IV.   GROUND FIVE

Balfrey claims that appellate counsel rendered ineffective assistance by conducting an inadequate pre-appeal investigation and by not challenging the sufficiency of the evidence supporting the charges against him.  He contends, without

any support, that his conviction and sentence would have been vacated if counsel had raised these issues on appeal.

*Strickland* governs an ineffective assistance of appellate counsel claim. *Dell v. United States*, 710 F.3d 1267, 1273 (11th Cir. 2013). Proof that appellate counsel omitted an issue on appeal is not proof of deficient performance because counsel need not raise every non-frivolous issue. *Jones v. Barnes*, 463 U.S. 745, 751 (1983); *Eagle v. Linahan*, 279 F.3d 926, 940 (11th Cir. 2001). An appellate advocate provides effective assistance by omitting weaker claims and advancing only the stronger claims. As *Johnson v. Alabama*, 256 F.3d 1156, 1188 (11th Cir. 2001) explains:

> It is difficult to win a *Strickland* claim on the grounds that appellate counsel pressed the wrong legal arguments where the arguments actually pursued were reasonable in the circumstances. We have emphasized that even in a death penalty case, counsel must be "highly selective about the issues to be argued on appeal . . . ." *United States v. Battle*, 163 F.3d 1, 1 (11th Cir. 1998). The district court, having considered the record and [appellate counsel]'s testimony during the state post-conviction proceeding, found that [appellate counsel] had carefully considered many of the claims now raised in appeal, but ultimately chose to pursue the claims he felt were most likely to prevail and winnow out the arguments he thought were less persuasive.

"Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). Moreover, "the Sixth Amendment does not require appellate attorneys to press every non-frivolous issue that the client requests to be

raised on appeal, provided that counsel uses professional judgment in deciding not to raise those issues." *Eagle*, 279 F.3d at 940.

On appeal Balfrey unsuccessfully challenged the career-offender enhancement and the reasonableness of his sentence. Balfrey contends that appellate counsel should have challenged the sufficiency of the evidence supporting the charges against him. Balfrey fails to show that a sufficiency-of-the-evidence challenge is "clearly stronger" than the challenges that appellate counsel presented. Also, Balfrey never identifies what facts counsel would have discovered had she conducted an adequate pre-appeal investigation. This speculative claim lacks merit.

Balfrey's motion under Section 2255 to vacate, set aside, or correct his sentence is **DENIED**. The clerk is directed to enter a judgment against Balfrey, close this case, and enter a copy of this order in 8:15-cr-391-SDM-JSS.

## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL IN FORMA PAUPERIS

Balfrey is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Balfrey must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478

(2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Balfrey is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Balfrey must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on September 28, 2021.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE